Andrew Gerber (AG 0779)
Ilya Kushnirsky (IK 3899)

KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320
*Attorneys for Cat Coven LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAT COVEN LLC, | : |
| | : |
| | : |
| | : |
| Plaintiff, | :     Case No. |
| v. | : |
| | :     **COMPLAINT** |
| SHEIN FASHION GROUP, INC., | : |
| and DOES 1-10, | : |
| | : |
| | : |
| Defendants. | : |
| | : |

Plaintiff Cat Coven LLC ("Plaintiff" or "Cat Coven"), by its attorneys Kushnirsky Gerber PLLC, for its complaint against defendants Shein Fashion Group, Inc. ("SHEIN") and Does 1-10 (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for trademark counterfeiting, trademark infringement, unfair competition, copyright infringement, and false copyright management information arising from Defendants' unauthorized use of Cat Coven's federally registered trademark and copyrighted design.

2.      Cat Coven is the exclusive owner of all trademark rights in and to the distinctive pentacle-adorned black cat logo (the "Cat Coven Logo"), shown below, and variations thereof for several products including T-shirts.



3.      Cat Coven's founder, independent artist and illustrator Kjersti Faret, designed the Cat Coven Logo in 2014, and since then, Cat Coven has consistently used the Cat Coven Logo as an identifier of source for its various offerings, including on its online storefronts, products, and business cards. The Cat Coven Logo is Cat Coven's most iconic image and is widely recognized as its brand logo.

4.      To better incorporate the Cat Coven Logo into clothing designs, Ms. Faret has created several variations thereof, including an illustration entitled *Magickal Protection*, shown below (the "Magickal Protection Design").



5.      Cat Coven uses the Magickal Protection Design, which incorporates the Cat Coven Logo, as the underlying art for various products, which Cat Coven sells directly to consumers as well as through authorized retailers. Examples of several Cat Coven products are shown below.



6.      Cat Coven owns a federal trademark registration for the Cat Coven Logo and a federal copyright registration for the Magickal Protection Design.

7.      SHEIN is a popular, rapidly growing fast fashion e-commerce retailer. Founded in 2008, SHEIN currently ships its products to over 220 countries and regions around the world. SHEIN advertises and sells apparel, accessories, jewelry, and other products through several e-commerce websites and mobile applications that offer products for sale directly to consumers throughout the United States, including New York, and around the world.

8.      SHEIN, along with Does 1-10, created, advertised, distributed, and sold at least one T-shirt that prominently features a counterfeit mark that is substantially indistinguishable from the Cat Coven Logo.

9.      Cat Coven asserts claims for trademark counterfeiting and infringement under Section 32(1) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1051 *et seq*.; unfair competition, false description, and false designation of origin, under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); deceptive trade practices under New York General Business Law § 349; unfair competition under New York common law; copyright infringement under the United States Copyright Act (the "Copyright Act"), 17 U.S.C. § 101 *et seq*, and false copyright management information under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201 *et seq*. Plaintiff seeks injunctive relief, damages, and recovery of its costs and attorneys' fees.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367, and principles of pendent jurisdiction.

11.     This Court has personal jurisdiction over Defendants pursuant to NY CPLR §§ 301 and 302.

12.     This Court has personal jurisdiction over Defendant SHEIN in that SHEIN does continuous and systematic business in New York and in this District; and SHEIN operates interactive e-commerce websites and mobile applications that market to consumers in this District, offers for sale services and products to consumers in this District, and provides for consumers in this District to enter into online transactions for a variety of products and services. SHEIN regularly does or solicits business in New York; derives substantial revenue from goods used or services rendered in New York; expects or reasonably should expect its infringing conduct to have consequences in New York; and derives substantial revenue from interstate commerce.

13.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Defendants sell goods to consumers, do business, and are subject to personal jurisdiction in this District.

## PARTIES

14.     Plaintiff Cat Coven LLC is a limited liability company organized and existing under the laws of the State of New York with a principal place of business in Brooklyn, New York. Cat Coven has satisfied the requirements of 17 U.S.C. § 411(a) prior to filing this Complaint.

15.     Defendant Shein Fashion Group, Inc. is a corporation organized and existing under the laws of the State of California with a principal place of business at 345 North Baldwin Park Boulevard, City of Industry, California, 91746.

16.     Defendants Does 1-10 are entities whose identities are unknown to Plaintiff at this time. In connection with the named Defendant SHEIN and its activities described herein, Defendants Does 1-10 have created, manufactured, supplied, distributed, advertised, offered for

sale, and/or sold a T-shirt featuring a counterfeit version of the Cat Coven Logo and an unauthorized copy of the Magickal Protection Design. Plaintiff believes that information obtained in discovery will lead to the identification of the true identities and locations of Does 1-10 and permit Plaintiff to amend its Complaint to state the same.

## **FACTUAL BACKGROUND**

A.    Cat Coven's Trademark and Copyright

17.    Cat Coven is a small fashion and lifestyle company owned and operated by Ms. Faret, an independent artist and illustrator based in Brooklyn, New York. Ms. Faret created the Cat Coven brand in 2013 while still in art school and began selling products featuring her original designs through an Etsy storefront. Today, Cat Coven sells apparel, accessories, home goods, and other products through its website, located at www.catcoven.com, the Cat Coven Etsy storefront, located at www.etsy.com/shop/catcoven, and authorized third-party retailers throughout the United States and Canada. Known for infusing her interests in the occult, art history, feminism, and cats into her original designs, Ms. Faret has developed a large and devoted base of consumers and fans.

18.    Cat Coven has been using the Cat Coven Logo as its primary logo and an overall representation of its brand since at least April 2014. Cat Coven sells numerous products that feature the Cat Coven Logo, including T-shirts and other apparel. To ensure the high quality the public has come to expect from its products, Cat Coven sources its apparel offerings from a premium, eco-friendly, and sweatshop-free garment manufacturer that is based in the United States and certified with the Worldwide Response Accreditation Program.

19.    Cat Coven products have been distributed in interstate commerce throughout the United States, including in this District, for over five years. Cat Coven has expended substantial

resources to advertise and promote its brand and products. Cat Coven uses the Cat Coven Logo in various media, on its online storefronts, on its business cards, and at exhibitions and special events.

20.     Because of Cat Coven's exclusive and extensive use of the Cat Coven Logo, the mark has acquired substantial value and goodwill and has become identified and associated in the consuming public's mind exclusively with Cat Coven. The Cat Coven Logo is recognized as identifying and distinguishing Cat Coven as the exclusive and unique source of products sold under the mark.

21.     Cat Coven obtained U.S. Trademark Registration No. 5,359,106 for the Cat Coven Logo on December 19, 2017. The trademark registration covers, among other goods, T-shirts in Class 25. This registration is valid, subsisting, and in full force and effect. A copy of the registration certificate is attached hereto as Exhibit A.

22.     Cat Coven is also the owner of U.S. Copyright Registration No. VA0002113299, effective February 12, 2018, that covers the Magickal Protection Design. The corresponding registration certificate is attached hereto as Exhibit B.

B.     Defendants' Promotion and Sale of the Infringing Counterfeit Product

23.     Defendant SHEIN is a fast fashion retail company that advertises and sells apparel, accessories, and other products under its various brands, including the SHEIN brand. SHEIN owns and operates several e-commerce websites, including www.shein.com ("the SHEIN Website"), and mobile applications that offer products for sale directly to consumers, including consumers in this District. SHEIN also advertises and sells its products through sample sales and pop-up events at temporary retail locations around the world and across the United States, including in this District.

24.    The SHEIN brand is one of the fastest growing brands in the online fast fashion market. Founded in 2008, SHEIN currently ships its products to over 220 countries and regions around the world. SHEIN is known for its targeted advertising social media campaigns, consistently advertising its products with steep discounts, and SHEIN is even featured as a case study on Instagram's business website. On information and belief, SHEIN is a subsidiary of Hong Kong retailer Zoetop Business Co. Ltd.

25.    On information and belief, Defendants created, manufactured, caused to be manufactured, imported, marketed, distributed, and/or sold at least one T-shirt prominently featuring a counterfeit version of the Cat Coven Logo and Magickal Protection Design (the "Counterfeit Product"), shown below.



26.    Defendants are not affiliated with Cat Coven and have never been licensed or otherwise authorized by Cat Coven to use the Cat Coven Logo or Magickal Protection Design on any products or in the advertising thereof. As of the filing date of this Complaint, SHEIN continues to advertise the Counterfeit Product on the SHEIN Website.

27.     Defendants deliberately seek to trade on Plaintiff's goodwill and pass off their goods as those of Plaintiff. The Counterfeit Product and its advertising even replicate Ms. Faret's signature, as shown below.

| Original Magickal Protection Design | Counterfeit Product |
| --- | --- |



28.     Defendants' infringing actions commenced years after Cat Coven began using the Cat Coven Logo and after the Cat Coven Logo was federally registered in the U.S. Patent and Trademark Office. Defendants' unauthorized use of the Cat Coven Logo is with actual notice of Cat Coven's superior prior rights therein by virtue of its federal trademark registration.

29.     On information and belief, Defendants have sold the Counterfeit Product to consumers in New York, around the United States, and overseas, some of whom also purchase authentic Cat Coven products. Sales of counterfeit Cat Coven products directly supplant sales of authentic Cat Coven products in the marketplace.

30.     On information and belief, Defendants' use of the Cat Coven Logo is with the deliberate intent to ride on the substantial value and goodwill that Cat Coven has established in its brand and with the deliberate attempt to create a false impression as to the source and sponsorship

of Defendants' products. SHEIN is a direct competitor of Cat Coven using its competitor's trademark and copyrighted design in order to sell a counterfeit product.

31.    On information and belief, Defendants' infringing actions commenced after Cat Coven sought and obtained a federal copyright registration for the Magickal Protection Design.

32.    Below is a side-by-side comparison of the Magickal Protection Design and the Counterfeit Product. Additional examples of the Counterfeit Product as it appears on the SHEIN website are attached as Exhibit C and incorporated herein by this reference. The below comparison makes immediately apparent that the elements, composition, arrangement, rendering, design, and appearance of the Counterfeit Product are virtually identical to those of the Magickal Protection Design.

| Original Magickal Protection Design | Counterfeit Product Detail |
|:---:|:---:|
|  | |

33.    On information and belief, Defendants provided several types of false copyright management information in connection with copies of the Magickal Protection Design. Specifically, Defendants affixed and prominently displayed the "SHEIN" name and logo on the

label and tag attached to the Counterfeit Product. Such information serves to misidentify SHEIN as the author and copyright owner of the Magickal Protection Design.

34.    On information and belief, Defendants knew that the copyright management information that they affixed to copies of the Magickal Protection Design was false because Defendants knew that Cat Coven, and not SHEIN, was the true author and copyright owner of the Magickal Protection Design. In fact, the infringing use of the Magickal Protection Design on the Counterfeit Product includes the signature of Cat Coven's owner and designer.

35.    On information and belief, Defendants provided false copyright management information in connection with copies of the Magickal Protection Design for the purpose of giving consumers the false impression that SHEIN was the author and copyright owner of the Magickal Protection Design. Defendants intended that by doing so, they would facilitate the sale of the Counterfeit Product and conceal the fact that they were infringing the Magickal Protection Design.

36.    Defendants' conduct is intentionally fraudulent, malicious, willful, and wanton. Defendants have engaged in willful unlawful use of a counterfeit version of Cat Coven's trademark and copyright.

### FIRST CLAIM FOR RELIEF
### FEDERAL TRADEMARK COUNTERFEITING – 15 U.S.C. § 1114
#### (Against All Defendants)

37.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 36 above, and incorporates them herein by this reference.

38.    Defendants have willfully used a designation that is a counterfeit, copy, or colorable imitation of the registered Cat Coven Logo mark on goods for which Plaintiff holds a federal trademark registration.

39.     Defendants have, without the consent of Plaintiff, used the counterfeit Cat Coven Logo mark in promotional advertising photographs in connection with the sale, offering for sale, marketing, distributing, or advertising of goods for their own financial gain.

40.     Plaintiff has not authorized Defendants' use of the Cat Coven Logo mark to advertise, market, offer for sale, sell, or distribute the Counterfeit Product.

41.     Defendants' unauthorized use of the Cat Coven Logo mark on or in connection with the advertising and sale of goods constitutes Defendants' use of Plaintiff's registered trademark in commerce.

42.     Defendants' unauthorized use of the Cat Coven Logo mark is likely to cause confusion, mistake, or deceive; cause the public to believe that Defendants' product is authorized, sponsored, or approved by Plaintiff when it is not; and result in Defendants unfairly and illegally benefitting from Plaintiff's goodwill.

43.     Accordingly, Defendants have engaged in trademark counterfeiting in violation of Section 32(1)(a) and (b) on the Lanham Act, 15 U.S.C. § 1114(1)(a) and (b), and are liable to Plaintiff for all damages related thereto, including, but not limited to, actual damages, infringing profits, and/or statutory damages, as well as attorneys' fees.

44.     Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiff.

45.     Plaintiff has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

46.     Defendants' egregious conduct in flagrantly selling merchandise bearing the counterfeit Cat Coven Logo mark is willful and intentional, and thus this constitutes an exceptional case.

## SECOND CLAIM FOR RELIEF
## <u>FEDERAL TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114</u>
### (Against All Defendants)

47.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 46 above, and incorporates them herein by this reference.

48.     Defendants' use of the counterfeit Cat Coven Logo mark on the Counterfeit Product, which is substantially indistinguishable from Plaintiff's federally registered Cat Coven Logo mark, infringes on Plaintiff's exclusive rights in its mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), in that the public is likely to be or has been confused, mistaken, or deceived regarding the source or sponsorship of Defendants' products or by the appearance of a relationship between Plaintiff and Defendants that does not exist.

49.     Defendants are using the Cat Coven Logo mark with full knowledge that it is associated exclusively with Plaintiff and exclusively designates Plaintiff's products. Defendants' conduct is intentionally fraudulent, malicious, willful, and wanton, and is conducted with an intent to reap the benefit of Plaintiff's goodwill in its trademark.

50.     Defendants' conduct is causing immediate and irreparable injury to Plaintiff, and to its goodwill and reputation, and will continue both to damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION, AND FALSE
## <u>DESIGNATION OF ORIGIN – 15 U.S.C. § 1125(a)</u>
### (Against All Defendants)

51.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 50 above, and incorporates them herein by this reference.

52.     Plaintiff's Cat Coven Logo mark, when used on or in connection with apparel, including T-shirts, is identified and associated in the public's mind exclusively with Plaintiff. By

reason of Plaintiff's extensive advertising and use, the Cat Coven Logo mark has become highly distinctive of Plaintiff's goods, is uniquely associated with Plaintiff, and is entitled to the broadest scope of protection.

53.    Defendants' unauthorized use of Plaintiff's mark on the Counterfeit Product constitutes a false designation of origin and a false description or representation that Defendants' product originates from, or is offered, sponsored, authorized, licensed by, or otherwise somehow connected with Plaintiff, and is thereby likely to confuse consumers.

54.    By reason of the foregoing, Defendants have violated and are continuing to violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.    Defendants' acts of unfair competition are willful and deliberate and done with an intent to reap the benefit of the goodwill and reputation associated with Plaintiff's trademark.

56.    The foregoing conduct is causing Plaintiff immediate and irreparable injury. Plaintiff has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### COMMON LAW UNFAIR COMPETITION
**(Against All Defendants)**

57.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 56 above, and incorporates them herein by this reference.

58.    Plaintiff's Cat Coven Logo mark, when used on or in connection with T-shirts and other apparel, is identified and associated in the public's mind exclusively with Plaintiff. Plaintiff's mark is highly distinctive of Plaintiff and is entitled to the broadest scope of protection.

59.    Defendants' use of the counterfeit Cat Coven Logo mark, which is substantially indistinguishable from Plaintiff's Cat Coven Logo mark, constitutes a false designation of origin and a false description or representation that Defendants' products originate from, or are offered,

sponsored, authorized, licensed by, or otherwise somehow connected with Plaintiff, and is thereby likely to confuse consumers.

60.      Defendants' conduct constitutes common law unfair competition, which has damaged and will continue to damage Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF**
**DECEPTIVE TRADE PRACTICES – N.Y. G.B.L. § 349**
**(Against All Defendants)**

61.      Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 60 above, and incorporates them herein by this reference.

62.      By reason of the acts set forth above, Defendants have been and are engaged in deceptive acts or practices in the conduct of a business, trade, or commerce in violation of Section 349 of the New York General Business Law.

63.      The public is likely to be damaged as a result of Defendants' deceptive trade practices or acts.

64.      On information and belief, Defendants have willfully and/or knowingly violated Section 349 of the New York General Business Law.

65.      Unless enjoined by this court under the provisions of Section 349 of the New York General Business Law, Defendants will continue their deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

**SIXTH CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501 *et seq.***
**(Against All Defendants)**

66.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 65 above, and incorporates them herein by this reference.

67.     Plaintiff is the legal owner of all right, title, and interest in the Magickal Protection Design. Plaintiff is the legal owner of the copyright in that work and owns a federal copyright registration for the Magickal Protection Design, which was obtained prior to the unlawful acts by Defendants alleged herein.

68.     Defendants have copied, reproduced, distributed, adapted, and/or publicly displayed the Magickal Protection Design and elements thereof without the consent, permission, or authority of Plaintiff.

69.     Defendants' conduct constitutes willful infringement of Plaintiff's copyright and exclusive rights in violation of 17 U.S.C. §§ 106 and 501.

70.     Defendants' acts of infringement have been willful, intentional, purposeful, and in reckless disregard of and with indifference to the rights of Plaintiff.

71.     As a result of Defendants' acts of copyright infringement as alleged herein, Plaintiff has suffered and will continue to suffer damages in the United States and around the world in an amount yet to be determined.

72.     Plaintiff is entitled to its actual damages and Defendants' profits related to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504.

73.     Alternatively, Plaintiff is entitled to receive statutory damages in connection with Defendants' infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504.

**SEVENTH CLAIM FOR RELIEF**
**FALSE COPYRIGHT MANAGEMENT INFORMATION – 17 U.S.C. § 1202**
**(Against All Defendants)**

74.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 73 above, and incorporates them herein by this reference.

75.    Defendants knowingly provided false copyright management information in connection with the Counterfeit Product. Specifically, on information and belief, Defendants affixed and prominently displayed the "SHEIN" name and logo on the Counterfeit Product's label and tag.

76.    Defendants knew that the copyright management information that they conveyed in connection with copies of the Magickal Protection Design was false because Defendants knew that Plaintiff, and not SHEIN, was the true author and copyright owner of the Magickal Protection Design that they had intentionally copied.

77.    Defendants knowingly provided such false copyright management information and distributed such false copyright management information in connection with copies of the Magickal Protection Design with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

78.    Defendants engaged in these activities without the consent or authorization of Plaintiff.

79.    Plaintiff has been injured as a result of this violation of 17 U.S.C. § 1202(a) and is entitled to impounding of the Counterfeit Product, damages, costs, and attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) of up to $25,000 for each violation of 17 U.S.C. § 1202(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

1.      Awarding Plaintiff such damages as it has sustained or will sustain by reason of Defendants' acts of trademark counterfeiting infringement, and unfair competition and trebling said amount pursuant to 15 U.S.C. § 1117;

2.      Requiring Defendants to account for and pay over to Plaintiff the profits, gains, and advantages obtained or derived by Defendants from their acts of trademark counterfeiting, infringement, and unfair competition and awarding Plaintiff treble the amount pursuant to 15 U.S.C. § 1117;

3.      Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1117 of no less than two million dollars ($2,000,000) based on the maximum amount available per trademark willfully counterfeited and infringed, per type of good and service offered, as well as attorneys' fees and costs, and awarding profits, damages, and fees, to the full extent available, pursuant to Section 349 of the New York General Business Law, and punitive damages to the full extent available under the common law;

4.      Awarding Plaintiff its actual damages and Defendants' profits in connection with Defendants' willful copyright infringement, or in the alternative, awarding Plaintiff statutory damages, attorneys' fees, and costs pursuant to 17 U.S.C. §§ 504 and 505;

5.      Awarding Plaintiff $25,000 per violation of 17 U.S.C. § 1202(a), ordering the impounding of all existing copies of the Counterfeit Product under 17 U.S.C. § 1203, and awarding Plaintiff costs and attorneys' fees under 17 U.S.C. § 1203;

6.      Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate;

7.      Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonably attorneys' fees pursuant to 15 U.S.C. § 1117, 17 U.S.C. §§ 504 and 505, and 17 U.S.C. § 1203;

8.      Awarding Plaintiff interest, including prejudgment interest, on the foregoing sums; and

9.      Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all triable issues raised by this Complaint.

Dated:      New York, New York          Respectfully Submitted,
            August 9, 2019
                                        KUSHNIRSKY GERBER PLLC


                                        By: _____
                                        Andrew Gerber (AG 0779)
                                        Ilya Kushnirsky (IK 3899)
                                        andrew@kgfirm.com
                                        ilya@kgfirm.com

                                        27 Union Square West, Suite 301
                                        New York, NY 10003
                                        (212) 882-1320

                                        *Attorneys for Plaintiff Cat Coven LLC*

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office



**Reg. No. 5,359,106**

**Registered Dec. 19, 2017**

**Int. Cl.: 14, 16, 20, 25, 26**

**Trademark**

**Principal Register**

Cat Coven LLC (NEW YORK LIMITED LIABILITY COMPANY)
Apt. 2r
624 Bay Ridge Avenue
Brooklyn, NEW YORK 11220

CLASS 14: Ornamental lapel pins

FIRST USE 4-11-2014; IN COMMERCE 4-11-2014

CLASS 16: Illustrations; fine art prints; graphic fine art prints

FIRST USE 4-11-2014; IN COMMERCE 4-11-2014

CLASS 20: Pillows; pillows for pets

FIRST USE 4-11-2014; IN COMMERCE 4-11-2014

CLASS 25: Apparel, namely, t-shirts, tank tops, dresses, and sweatshirts

FIRST USE 4-11-2014; IN COMMERCE 4-11-2014

CLASS 26: Ornamental cloth patches for clothing

FIRST USE 4-11-2014; IN COMMERCE 4-11-2014

The mark consists of an illustrated cat with a pentacle, or encircled pentagram, on its forehead within a square background.

SER. NO. 87-442,333, FILED 05-09-2017



*Joseph Matal*

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

# EXHIBIT B

## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Kay A. Coslo*

Acting United States Register of Copyrights and Director

**Registration Number**

**VA 2-113-299**

**Effective Date of Registration:**
February 12, 2018

---

### Title

**Title of Work:** Magickal Protection

---

### Completion/Publication

**Year of Completion:** 2015
**Date of 1st Publication:** January 10, 2015
**Nation of 1st Publication:** United States

### Author

• **Author:** Cat Coven LLC
**Author Created:** 2-D artwork
**Work made for hire:** Yes
**Citizen of:** United States

### Copyright Claimant

**Copyright Claimant:** Cat Coven LLC
624 Bay Ridge Ave Apt 2R, Brooklyn, NY, 11220, United States

---

### Rights and Permissions

**Organization Name:** Cat Coven
**Name:** Kjersti Faret
**Email:** kjersti@faret.net
**Telephone:** (516)713-8911
**Alt. Telephone:** (516)713-8911
**Address:** 624 Bay Ridge Ave
Apt 2R
Brooklyn, NY 11220 United States

### Certification

---

# EXHIBIT C




